IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MD TAJUDDIN AHMED,

    Petitioner,

v.                                                              No. 26-cv-0404-DHU-DLM

WARDEN CASTRO, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## ORDER DIRECTING AMENDMENT

This matter comes before the Court on Petitioner Md Tajuddin Ahmed's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee at the Otero County Processing Center. He was detained on or about December 4, 2025. *See* Doc. 1 at 4. He seeks an immediate release from custody and reconsideration of a "deportation order." *Id.* at 7. Elsewhere, however, the Petition states that immigration officials have not "presented [Petitioner] with a removal order." *Id.* Petitioner also alleges his detention exceeds certain time limits, but it is not clear whether he is referring to pre-removal detention; detention without a bond; or some other time limit. *Id.* at 5.

---

[1] While the form *pro se* Petition names the Department of Immigration and Customs Enforcement, the Court will add the above-mentioned parties as Respondents in this case. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

On this record, the Court cannot adequately review or discern the scope of Petitioner's claims. It is not clear whether Petitioner raises a claim based on the failure to provide due process pending a final removal decision under 8 U.S.C. §§ 1225 and 1226; the failure to timely act upon a removal order under *Zadvydas v. Davis,* 533 U.S. 678, 682 (2001); or some other theory. The Court will therefore require Petitioner to file an amended § 2241 petition within twenty-one (21) days of entry of this Order. The amendment should include more details about what process (bond hearings, removal hearings, etc.) Petitioner has received so far; the outcome of those proceedings; the status of any immigration petitions (asylum, etc); and whether/when the Immigration Court entered a removal order or denied bond. The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice to refiling.

The Court also notes that Petitioner has not paid the $5.00 filing fee or submitted a motion to proceed *in forma pauperis*. The Clerk's Office mailed him a blank motion with instructions. Petitioner shall pay the $5.00 fee or return the completed motion to proceed *in forma pauperis* within twenty-one (21) days of entry of this Order.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall: (1) file an amended § 2241 petition as set forth above; and (2) pay the $5.00 filing fee or submit a completed motion to proceed *in forma pauperis*.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE