### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

MD TAJUDDIN AHMED,

     Petitioner,

v.                                                                              No. 26-cv-0404-DHU-DLM

WARDEN, Otero County Processing Center, *et al*,

     Respondents,

### <u>ORDER OF DISMISSAL</u>

This matter comes before the Court on Petitioner Md Tajuddin Ahmed's failure to amend and clarify his claims as directed.   Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Original Petition).   He was detained by immigration officials on or about December 4, 2025.   *See* Doc. 1 at 4.   At one point the Original Petition seeks an immediate release from custody and reconsideration of a deportation order.   *Id.* at 7.   Elsewhere, however, the Original Petition states that immigration officials have not "presented [Petitioner] with a removal order."   *Id.*   The Original Petition also alleges his detention exceeds certain time limits, but it is not clear whether he is referring to pre-removal detention; detention without a bond; or some other time limit.   *Id.* at 5.

By an Order entered February 17, 2026, the Court explained that it cannot adequately review or discern the scope of Petitioner's claims.   *See* Doc. 3 (Screening Ruling).   The Screening Ruling explains that it is not clear whether Petitioner raises a claim based on the failure to provide due process pending a final removal decision under 8 U.S.C. §§ 1225 and 1226; the failure to timely act upon a removal order under *Zadvydas v. Davis,* 533 U.S. 678, 682 (2001); or some other theory.   The Court therefore required Petitioner to file an amendment and provide

additional clarification about the claims.   Petitioner was advised that his amendment should describe what process (bond hearings, removal hearings, etc.) he has received so far; the outcome of those proceedings; the status of any immigration petitions (asylum, etc); and whether/when the Immigration Court entered a removal order or denied bond.   The Screening Ruling warns that the failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice to refiling.

The deadline to file an amendment expired on March 10, 2026.   Petitioner did not comply or show cause for such failure.   He filed a Motion to Proceed *In Forma Pauperis* (Doc. 3), but it does not acknowledge the Screening Ruling or contain substantive information about the claims. Accordingly, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."   *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   The dismissal does not count as a ruling on the merits and is without prejudice to filing a new § 2241 petition when Petitioner is ready.   The Court will deny the Motion to Proceed *In Forma Pauperis* (Doc. 4), which is now moot.

**IT IS ORDERED** that this civil habeas case is **DISMISSED without prejudice**; the Motion to Proceed *In Forma Pauperis* (**Doc. 4**) is **DENIED as moot**; and the Court will enter a separate judgment closing the case.

**IT IS SO ORDERED**.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES *DISTRICT JUDGE*

2